

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAGNET COMMUNICATIONS, a New )
York limited liability company, )
                 )
         Plaintiff, )
                 )    Case No.
     vs. )
                 )    Judge
HEALTHCARE BRANDING GROUP, INC., )
an Illinois corporation, )
                 )
         Defendant. )
                 )
                 )

## COMPLAINT

Plaintiff Magnet Communications ("Magnet"), by its attorneys, Foley & Lardner

LLP, complains against Defendant Healthcare Branding Group, Inc. ("HBG") as follows:

### Nature of the Action

1.     Magnet brings this three count complaint seeking redress from HBG for

conversion, breach of contract, breach of fiduciary duty, unfair competition under the Lanham

Act, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and

violations of the Illinois Uniform Deceptive Trade Practices Act.

### Parties

2.     Magnet is, and at all times material hereto has been, a limited liability

company organized and existing under the laws of the State of New York, having its principal

place of business in New York.

3.  HBG is, and at all times material hereto has been, a corporation organized and existing under the laws of the State of Illinois, having its principal place of business in Illinois.

**Jurisdiction and Venue**

4.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that this is a civil action between citizens of different states in which the matter in controversy exceeds $75,000.00 exclusive of interest and costs.

5.  This Court has personal jurisdiction over defendant because it is a citizen of Illinois.

6.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to its claims occurred in this District and Defendant HBG resides in this District.

**Magnet's Business**

7.  Magnet is a public relations and strategic communications firm.

8.  Magnet has expended substantial amounts of money, time, and effort to establish a national reputation and goodwill among its customers and in the industry.

9.  Magnet relies upon its national reputation and goodwill along with the high quality of its products and services to attract and maintain customers.

10. Through its advertisement, promotion, reliability and growth, purchasers and potential purchasers of public relations and strategic communications services have come to associate high quality public relations and strategic communications services with Magnet.

2

**The Working Partnership Agreement**

11.     Magnet and HBG entered into a Working Partnership Agreement (the "Agreement") whereby, among other things, Magnet provided HBG certain office space rent free, infrastructure, and support staff in exchange for HBG's agreement to make "best efforts" to generate no less than $150,000.00 in new public relations revenue for Magnet. (See Agreement, ¶ 2, a copy of which is attached hereto as Ex. 1; March 11, 2003 Memorandum, p. 2, a copy of which is attached hereto as Ex. 2) By its terms, the Agreement expired at the end of 2003.

12.     Additionally, in furtherance of Magnet's and HBG's business relationship, from time to time HBG would collect money from clients for work performed by Magnet. When this happened, HBG was responsible for promptly turning over all such money to Magnet.

13.     After the contract expired at the end of 2003, the parties continued to do business together.

14.     In or about March, 2004, Magnet determined for a variety of business reasons that the alliance between Magnet and HBG should not continue.

15.     In or about March, 2004, Magnet informed HBG that the alliance between the two companies was being terminated and would not continue. Magnet further informed HBG, at this time, that HBG was to cease using the Magnet name to promote HBG's products and services and to cease holding itself out to Magnet's clients or any other persons or companies as being affiliated or associated with Magnet.

**HBG's Wrongful Acts**

16.     HBG has collected at least $123,877.02 from Magnet customers that it has not yet turned over to Magnet.

3

17.     Despite repeated requests by Magnet that HBG turn over the funds, HBG has refused to do so and has wrongfully retained of the funds.

18.     Additionally, despite the fact that Magnet fulfilled all its obligations to HBG under the Agreement, HBG did not fulfill its obligations to Magnet because it failed to make "best efforts" to generate new public relations revenue for Magnet. In fact, in 2004, HBG generated no new public relations revenue for Magnet.

19.     Finally, although HBG was told by Magnet in about March, 2004 that HBG was to cease using the Magnet name to promote HBG's products and services and to cease holding itself out to Magnet's clients or any other persons or companies as being affiliated or associated with Magnet, HBG continued to use the Magnet name mark to promote HBG's products and services and continued to hold itself out as being affiliated and/or associated with Magnet. HBG was told again by counsel for Magnet on May 17, 2004 that it was to cease holding itself out as a partner/affiliate of Magnet.

### COUNT I (CONVERSION)

20.     Magnet realleges and incorporates paragraphs 1-19 as though fully set forth herein.

21.     By refusing to turn over to Magnet money collected by HBG from Magnet's customers, HBG has wrongfully converted Magnet's property. In particular:

    a.     Magnet has an absolute right to the client fee invoices, out-of-pocket invoices, administrative charges and commission invoices that were collected from Magnet's customers by HBG, as Magnet's agent, for products and services provided by Magnet.

    b.     Although Magnet has demanded that the money be turned over, HBG has not complied with Magnet's demand.

    c.     By retaining fees paid by Magnet's customers and refusing to turn those fees over to Magnet, HBG wrongfully and without

4

authorization assumed ownership over those fees, which rightfully belong to Magnet.

22.    Magnet has been damaged by HBG's unlawful conversion in the amount of at least $123,877.02.

WHEREFORE, Magnet respectfully requests that the Court enter judgment in favor of Magnet and against HBG:

(a) for actual damages of at least $123,877.02;

(b) for punitive damages in an amount sufficient to deter similar actions in the future;

(c) for costs and attorney's fees associated with this action; and

(d) for such other and further relief as this court deems just and appropriate.

## COUNT II (BREACH OF CONTRACT)

23.    Magnet realleges and incorporates paragraphs 1-22 as though fully set forth herein.

24.    The Agreement is a valid and binding contract between Magnet and HBG.

25.    Magnet fulfilled all its obligations to HBG under the Agreement.

26.    Pursuant to the Agreement, HBG was to make best efforts to generate no less than $150,000.00 in new public relations revenue for Magnet.

27.    HBG did not fulfill its obligations to Magnet because HBG failed to make "best efforts" to generate new public relations revenue for Magnet in 2003 and the first three months of 2004.

28.    Additionally, HBG breached the Agreement by not turning over to Magnet money HBG collected from Magnet's clients for work done for those clients by Magnet.

5

29.     Finally, HBG breached the Agreement by not paying Magnet commissions for certain clients referred to HBG pursuant to the Agreement.

30.     Magnet has been damaged by HBG's breach in that it lost potential new business due to HBG's failure to make efforts to generate the required new business. Magnet has been further damaged in an amount of at least $123,877.02 in payments from Magnet's clients that HBG has wrongfully retained. Finally, Magnet has been damaged because it provided valuable rent free office space and support services to HBG for over a year while HBG did not exert best efforts to generate new public relations revenue for Magnet.

WHEREFORE, Magnet respectfully requests that the Court enter judgment in favor of Magnet and against HBG:

(a) for actual damages of at least $123,877.02;

(b) for further amounts to be proved at trial sufficient to compensate Magnet for its loss of business;

(c) for an amount sufficient to reimburse Magnet for the free rent it provided to HBG; and

(d) for such other and further relief as this court deems just and appropriate.

## COUNT III (BREACH OF FIDUCIARY DUTY)

31.     Magnet realleges and incorporates paragraphs 1-30 as though fully set forth herein.

32.     Certain fiduciary duties existed between HBG and Magnet.

33.     By failing to turn over to Magnet certain fees collected by HBG from Magnet's customers which rightfully belong to Magnet, HBG has violated its fiduciary duty to Magnet.

6

34. The conduct of HBG in breaching its fiduciary duties to Magnet was willful and wanton and accordingly, HBG should pay punitive damages for this breach.

35. The conduct of HBG directly and proximately caused injury to Magnet by depriving Magnet of at least $123,877.02 in fees due to it as well as depriving Magnet of new public relations revenue that HBG should have generated for Magnet.

WHEREFORE, Magnet respectfully requests that the Court enter judgment in favor of Magnet and against HBG:

(a) for actual damages of at least $123,877.02;

(b) for punitive damages in an amount sufficient to deter similar actions in the future;

(c) for costs and attorney's fees associated with this action; and

(d) for such other and further relief as this court deems just and appropriate.

Dated: July 14, 2004

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF, MAGNET COMMUNICATIONS

By _____
       One of Its Attorneys

Bennett L. Epstein
James D. Dasso
Christopher J. Werner
FOLEY & LARDNER LLP
321 North Clark Street
Chicago, Illinois 60610-4764
Telephone: 312.832.4500
Fax: 312.832.4700
Firm ID # 17190

# UNITED STATES DISTRICT COURT
JUDGE AMY ST. EVE
# NORTHERN DISTRICT OF ILLINOIS
MAGISTRATE JUDGE MASON

# Civil Cover Sheet     04C 4630

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**DOCKETED**
JUL 15 2004

| | |
|---|---|
| **Plaintiff(s): Magnet Communications** | **Defendant(s):Healthcare Branding Group, Inc.** |
| County of Residence: | County of Residence: |
| Plaintiff's Atty: | Foley & Lardner<br>321 N. Clark St.<br>Sutie 2800<br>(312) 832-4500 | Defendant's Atty: |

**II. Basis of Jurisdiction: 4. Diversity (complete item III)**

**III. Citizenship of Principal Parties (Diversity Cases Only)**

Plaintiff:- **2 Citizen of Another State**
Defendant:- **1 Citizen of This State**

**IV. Origin :**     **1. Original Proceeding**

**V. Nature of Suit:**     **190 Other Contract**

**VI.Cause of Action:**     **Breach of Contract**

**VII. Requested in Complaint**

Class Action: **No**
Dollar Demand: **123,877.02**
Jury Demand: **Yes**

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** _____

**Date:** ___ 7/14/04 _____

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action.

**Note: You may need to adjust the font size in your browser display to make the form print properly.**          Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JUDGE AMY ST. EVE

**In the Matter of**

MAGNET COMMUNICATIONS, a New
York limited liability corporation,

Plaintiff,

v.

HEALTHCARE BRANDING GROUP, INC.,
An Illinois corporation,

Defendant.

MAGISTRATE JUDGE MASON

# 04C 4630

Case Number

**DOCKETED**

JUL 1 5 2004

04 JUL 14 PM 05
CLERK
U.S. DISTRICT COURT

FILED FOR DOCKETING
ED-7

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEYS FOR:

MAGNET COMMUNICATIONS

| (A) | | | | (B) | | | |
|---|---|---|---|---|---|---|---|
| SIGNATURE | | | | SIGNATURE | | | |
| NAME  Bennett L. Epstein | | | | NAME  James D. Dasso | | | |
| FIRM  FOLEY & LARDNER, LLP | | | | FIRM  FOLEY & LARDNER, LLP | | | |
| STREET ADDRESS  321 North Clark Street, Suite 2800 | | | | STREET  321 North Clark Street, Suite 2800 | | | |
| CITY/STATE/ZIP  Chicago IL, 60610-4764 | | | | CITY/STATE/ZIP  Chicago, IL 60610-4764 | | | |
| TELEPHONE NUMBER  (312) 832-4500 | | | | TELEPHONE NUMBER  (312) 832-4500 | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 745855 | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6193545 | | | |
| | | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☒ | |
| MEMBER OF TRIAL BAR? | YES ☒ | NO ☐ | | MEMBER OF TRIAL BAR? | YES ☒ | NO ☐ | |
| TRIAL ATTORNEY? | YES ☒ | NO ☐ | | TRIAL ATTORNEY? | YES ☒ | NO ☐ | |
| (C) | | | | (D) | | | |
| SIGNATURE | | | | SIGNATURE | | | |
| NAME  Christopher J. Werner | | | | NAME | | | |
| FIRM  FOLEY & LARDNER, LLP | | | | FIRM | | | |
| STREET ADDRESS  321 North Clark Street, Suite 2800 | | | | STREET ADDRESS | | | |
| CITY/STATE/ZIP  Chicago, IL 60610-4764 | | | | CITY/STATE/ZIP | | | |
| TELEPHONE NUMBER  (312) 832-4500 | | | | TELEPHONE NUMBER | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)  6278691 | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | |
| MEMBER OF TRIAL BAR? | YES | NO ☒ | | MEMBER OF TRIAL BAR? | YES | NO | |
| TRIAL ATTORNEY? | YES | NO ☒ | | TRIAL ATTORNEY? | YES | NO | |

011.1205849.1