UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAGNET COMMUNICATIONS, LLC ) <br> A New York limited liability company, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> HEALTHCARE BRANDING GROUP, ) <br> INC., an Illinois corporation, ) <br> ) <br> Defendant. ) <br> - - - - - - - - - - - - - - - - - - - - - - - - - - - - <br> HEALTHCARE BRANDING GROUP, ) <br> INC., an Illinois corporation, ) <br>     Defendant/Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MAGNET COMMUNICATIONS, LLC ) <br> A New York limited liability company, ) <br> n/k/a EURO RSCG MAGNET, LLC, ) <br> ) <br>     Plaintiff/Counter-Defendant. ) | Case No. 04 C 4630 <br><br> Judge Amy J. St. Eve |

## AGREED PROTECTIVE ORDER

**WHEREAS,** the proceedings in this case may require the production and disclosure of confidential and proprietary financial information and documents, and the parties have agreed pursuant to F.R.C. 26(c) for a protective order relating to certain confidential information and documents which may be utilized in these proceedings;

The parties hereby agree that a protective order shall be, and hereby is, entered in this action with the following provisions applying to the transfer and exchange of documents and information.

1. Any documents, responses to interrogatories or requests for admission produced or served in this litigation may be designated as "Confidential" and, thus, subject to this Order.

Materials meeting the above description are referred to herein as "Confidential Information".

2. Any person giving deposition testimony in this litigation may, directly or through his or its attorney, designate any portion of his or her testimony and/or deposition exhibits as Confidential Information by advising the reporter and all parties of such designation (a) during the deposition or (b) at any time prior to the signing of the transcript if such signing has not been waived and occurs not more than 30 days after the reporter has tendered the transcript to the witness.

3. The parties may use Confidential Information in a deposition in this action. If within the times established in Paragraph 2 the party that originated or disclosed the Confidential Information requests filing under seal, any transcript of testimony or exhibits containing Confidential Information that are to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which can be endorsed the number and style of the action, an indication of the nature of the contents of such sealed envelope or container, the word "Confidential" and a statement substantially in the following form:

> This envelope is sealed pursuant to the Protective Order entered by the Court, contains Confidential Information filed in this proceeding, and is not to be opened or the contents thereof revealed except by order of the Court.

Said envelope or container shall not be opened without further order of Court except by Counsel of Record, who shall return the contents to the Clerk in a sealed envelope or container.

4. If exhibits, including discovery responses, containing Confidential Information are filed with the Court or the Clerk in connection with any motion in this action, they shall be filed in a sealed envelope labeled as described in Paragraph 3.

5. Except upon the prior written consent of the party or person asserting Confidential Information treatment or upon further direction of this Court, any Confidential Information shall

be used only in connection with this litigation.

6. Disclosures to the following persons shall be presumed to be proper under this Order:

   a. Court personnel;

   b. Any party or their respective officers or employees;

   c. Counsel of Record for the respective parties and employees of said counsel;

   d. Witnesses or prospective witnesses in this action who agree to be bound by the terms of this Protective Order; and

   e. Experts and consultants who agree to be bound by the terms of this Protective Order.

7. The restrictions in this Order shall not apply to:

   a. Any use of any information by the Court;

   b. Information that at or prior to disclosures in this action was or that, after disclosure thereof to the persons bound by this Order, becomes public without action on their part; or

   c. The use of documents or information at the trial of this action.

8. If at any time any party who has received materials designated "Confidential" under the terms of this order determines that the information is not properly so designated, the receiving party may give notice to the disclosing party or person of this determination. The notice shall contain a detailed description of the material not believed to be confidential, and the date, not less than 28 days thereafter, after which the receiving party may begin to treat the produced information as outside the protection of this Order. The disclosing party or person may, on or before the date specified in the notice, move the Court for a protective order preventing any disclosure other than as permitted by Paragraph 6 hereof. No disclosure outside the terms of this Order shall be made until the resolution of the motion.

9. This Protective Order and the agreements embodied herein shall survive the termination of this action and shall continue in full force and effect.

10. Within thirty (30) days after the conclusion of this action, including any appellate proceedings, all confidential materials, including copies, shall be returned to the producing party or, in the alternative, counsel shall certify to all parties that all confidential documents have been destroyed.

11. This Order may be construed or modified by the Court, on application of any party or person or on the initiative of the Court.

**IT IS SO ORDERED.**

Dated: 2-17-05

_____
JUDGE

Tendered and agreed to by:

| | |
|---|---|
| James D. Dasso, Esq. | Elliot S. Wiczer, Esq. |
| FOLEY & LARDNER LLP | WICZER & ZELMAR, LLC |
| 321 N. Clark Street, Suite 2800 | 500 Skokie Boulevard, Suite 350 |
| Chicago, IL 60610-4764 | Northbrook, IL 60062 |
| | |
| TRIAL ATTORNEY FOR PLAINTIFF/ | TRIAL ATTORNEY FOR DEFENDANT/ |
| COUNTER-DEFENDANT | COUNTER-PLAINTIFF |